Defendant Donnell Bobo has appealed from a judgment of the Summit County Common Pleas Court that found him to be a sexual predator, pursuant to Section 2950.09(C) of the Ohio Revised Code. He has argued that the sexual predator laws violate the Ohio and United States Constitutions. This Court affirms.
 I.
During 1985, defendant pleaded guilty to one count of kidnapping and rape. On October 27, 1997, the trial court held a hearing to determine whether defendant should be adjudicated a sexual predator, pursuant to Section 2950.09(C) of the Ohio Revised Code. Following that hearing, the trial court determined that defendant was a sexual predator. Defendant timely appealed to this Court.
II.
 The trial court abused its discretion, in declaring [defendant] to be a "sexual predator", [sic] pursuant to [Section] 2950.09(C)(1). Because [defendant] was convicted and sentenced prior to the enactment of H.B. 180, to apply either the labeling [sic] process or notification provisions to him, is clearly violative of the prohibition against both retrospective and ex post facto laws, set forth under Article II, Section 28 and Article I, Section 10, of the Ohio and United States [c]onstitutions respectively.
Defendant has argued that the current sexual predator laws, which were amended during 1996, should not have been applied to him because he was convicted and sentenced prior to the enactment date of the current version of the sexual predator laws. He has argued that his adjudication as a sexual predator was unconstitutional because the sexual predator laws violate the prohibition against retroactive laws found in Article II, Section28, of the Ohio Constitution, and the prohibition against ex postfacto laws found in Article I, Section 10, of the United States Constitution.
The Ohio Supreme Court has rejected defendant's arguments for those adjudicated as sexual predators pursuant to Section2950.09(B) of the Ohio Revised Code. State v. Cook (1998),83 Ohio St.3d 404, paragraphs one and two of the syllabus. Specifically, the requirements of the sexual predator laws, when applied to those convicted and sentenced prior to the enactment date of those laws, do not violate Article II, Section 28, of the Ohio Constitution or Article I, Section 10, of the United States Constitution. Id. This Court has extended Cook's reasoning to those adjudicated as sexual predators pursuant to Section2950.09(C). State v. DeAngelo (Mar. 10, 1999), Lorain App. No. 97CA006902, unreported, at 2. As a result, defendant's arguments have no merit.
 III.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ BETH WHITMORE
FOR THE COURT
BAIRD, P. J.
CARR, J.
CONCUR